IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN RIAD JALLOUL, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | NO. 3:24-CV-0250-B |
| | § | (NO. 3:20-CR-436-B) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Movant Steven Riad Jalloul's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Upon review of the record, the motion is **DENIED**.

### I.  BACKGROUND

On September 22, 2020, Movant was named in a one-count indictment charging him with making a false statement to a bank and committing an offense while on release, in violation of 18 U.S.C. §§ 1014 and 3147. *United States v. Jalloul*, No. 3:20-CR-436-B, Crim. Doc. 10. On July 19, 2021, he was named in a one-count superseding information charging him with engaging in monetary transactions in property derived from specified unlawful activity, in violation of 18 U.S.C. § 1957. Crim. Doc. 34. He signed a plea agreement pursuant to which he agreed to plead guilty to the offense charged by the superseding information and the government agreed not to bring any additional charges based on the conduct underlying and related to the guilty plea and to dismiss the remaining charge against him. Crim. Doc. 33. The plea agreement reflected that: Movant faced a ten-year term of imprisonment; Movant understood that the sentence was wholly within the discretion of the district judge; that the plea was freely and voluntarily made

and not the result of force, threats, or promises; that Movant waived his right to appeal or otherwise challenge his conviction and sentence except in limited circumstances; and that Movant had thoroughly reviewed all legal and factual aspects of his case with counsel and was fully satisfied with the representation provided to him. *Id.* Movant also signed a factual resume setting forth the essential elements of the offense charged by the superseding information and the stipulated facts establishing that Movant had committed the offense. Crim. Doc. 32. He waived his right to indictment. Crim. Doc. 35. On October 19, 2021, Movant entered his plea of guilty to the superseding indictment. Crim. Doc. 45. He testified under oath that: he understood that he could not rely on any assurance by anyone as to what his sentence would be; that the district judge would not be bound by the stipulated facts and could take into account other facts; he understood the essential elements of the offense charged by the superseding information and had committed each of them; he signed the factual resume and the stipulated facts were true and correct; he understood that he faced a term of imprisonment of up to ten years; he signed the plea agreement after discussing it with counsel; he freely and voluntarily entered into the plea agreement; he understood that he was waiving his right to appeal or otherwise challenge his conviction and sentence except in limited circumstances and he knowingly and voluntarily did so. Crim. Doc. 83.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 28 (taking into account the loss amount and use of false identification). Crim. Doc. 51, ¶ 33. He received a one-level adjustment for violation of 18 U.S.C. § 1957. *Id.* ¶ 34. He received a two-level and a one-level adjustment for acceptance of responsibility. *Id.* ¶¶ 40, 41. Based on a total offense level of 26 and a criminal history category of

II, his guideline imprisonment range was 70 to 87 months. *Id.* ¶ 86. Both the government and Movant filed objections to the PSR. Crim. Doc. 57; Crim. Doc. 62. The probation officer prepared an addendum to the PSR, accepting one of the government's objections and rejecting Movant's objections. As a result, Movant's total offense level became 29 and his guideline imprisonment range became 97 to 120 months. Crim. Doc. 64.

At the sentencing hearing, Movant testified under oath that he had received and reviewed with counsel the PSR, government's objections, his own objections, the addendum to the PSR, his sentencing memorandum, and the government's sentencing memorandum and that he had no questions. Crim. Doc. 84. Counsel argued Movant's objection to the loss calculation and the Court overruled it, accepting the government's loss calculation. *Id.* The Court sentenced Movant to a term of imprisonment of 120 months. Crim. Doc. 68. He appealed, Crim. Doc. 72, despite having waived the right to do so. Crim. Doc. 33, ¶ 13. His attorney filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and the United States Court of Appeals for the Fifth Circuit dismissed the appeal as failing to present any nonfrivolous issue. *United States v. Jalloul*, No. 22-10455, 2023 WL 1991577 (5th Cir. Feb. 14, 2023).

## II.   GROUNDS OF THE MOTION

Movant raises seven grounds in support of his motion, all alleging that he received ineffective assistance of counsel. Specifically, counsel was ineffective for failing to: (1) investigate, advise Movant about, or challenge the government's theory of wire fraud; (2) investigate, advise Movant about, or challenge the use of intended versus actual loss; (3) rebut the government's prima facie showing of intended loss; (4) object to the unlawful means of identification enhancement and to substantively object to the position of trust enhancement; (5)

present mitigating evidence about Movant's past assaults; (6) consult with counsel representing Movant in his tax fraud case about a universal plea agreement; and (7) take action during critical stages of the proceedings, thus constructively denying Movant the right to counsel. Civ. Doc. 2 at 10–26.

## II.     APPLICABLE LEGAL STANDARDS

### A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues Aare raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack.@ *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV.  ANALYSIS

The flawed premise of Movant's first ground is that the government changed its theory of criminal liability as set forth in the indictment to the theory set forth in the superseding information in order to "dramatically increase [his] sentencing exposure." Civ. Doc. 2 at 10. To

5

the contrary, the record reflects that the theory of liability was changed as a result of the plea agreement negotiated by counsel, which greatly benefitted Movant by decreasing his statutory sentencing exposure from thirty years' imprisonment to a maximum of ten years' imprisonment.

One who alleges failure to investigate must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the case. *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). Movant has not met his burden. At best, he alleges that the government's theory of wire fraud was defective because it was missing the essential element of intent to harm. Civ. Doc. 2 at 10. However, the success of the scheme is immaterial to a wire fraud conviction and intent to harm is not required. *United States v. Greenlaw*, 84 F.4th 325, 346 (5th Cir. 2023) (citing *United States v. Shaw*, 580 U.S. 63, 67 (2016)). In any event, Movant admitted under oath that he committed each of the essential elements of the offense, including that the criminally-deprived property at issue was derived from specified unlawful activity, to wit: wire fraud. Crim. Doc. 32.

As the government notes, Movant's guilty plea waived all nonjurisdictional defects in the proceedings, except as the alleged ineffectiveness relates to the giving of the plea. Civ. Doc. 6 at 9–10 (citing *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008)). Movant urges that this was a jurisdictional defect, but cites no binding or persuasive authority. Civ. Doc. 7 at 2. He is simply mistaken. *See United States v. Cotton*, 535 U.S. 625, 630–31 (2002) (defect in indictment is nonjurisdictional).

In his second and third grounds, Movant alleges that counsel was ineffective in failing to investigate, advise Movant, and challenge the use of intended loss instead of actual loss in calculating his guideline range. Civ. Doc. 2 at 15–19. Again, Movant fails to meet his burden

6

with regard to the allegation of failure to investigate. And, he is mistaken in alleging that counsel failed to object to the loss calculation. Crim. Doc. 61 (objections to the PSR); Crim. Doc. 84 (objection raised at sentencing). Movant confirmed at sentencing that he had reviewed the PSR, addendum, objections, and memoranda and had no questions. Crim. Doc. 84 at 2–5. Counsel argued the objection to loss calculation and the Court adopted the PSR's calculation of loss. *Id.* at 5–10. That counsel did not prevail does not mean he rendered ineffective assistance. *Youngblood v. Maggio*, 696 F.2d 407, 410 (5th Cir. 1983). Nor can he be faulted for failing to raise Movant's frivolous argument that he should not be held responsible for any loss. *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999).

In support of his fourth ground, Movant argues that counsel was ineffective for failing to object to the enhancements for unlawfully creating means of identification and for abuse of position of trust. Civ. Doc. 2 at 20–22. The PSR explained that Movant used his former wife's means of identification to create another means of identification, to wit a PPP loan with a specific loan number. Crim. Doc. 51, ¶ 33. Movant now claims that the application was submitted with his former wife's approval and another person prepared the application, but he offers no evidence in support. Civ. Doc. 2 at 20. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) (court does not consider bald, unsupported assertions on habeas).

As for abuse of trust, the government objected that the enhancement had not been applied. Crim. Doc. 57. The probation officer did not agree. Crim. Doc. 64, Section V. The government raised the objection at sentencing, Movant's counsel agreed with the probation officer, and the Court granted the objection and applied the enhancement. Crim. Doc. 84 at 18–20. As noted at the sentencing hearing, application of the enhancement made no difference,

since the guideline range was already at the statutory maximum. *Id.* at 19. Movant cannot show that counsel was ineffective inasmuch as he did object. Failure to prevail is not ineffective assistance. *Youngblood*, 696 F.2d at 410.

Movant has not shown, and cannot show, harm since the enhancements made no difference to the sentence. The same sentence would have been imposed "regardless of all the enhancements." Crim. Doc. 84 at 45–46. *See United States v. Leontaritis*, 977 F.3d 447, 452 (5th Cir. 2020) (guideline error is harmless where the court would have imposed the same sentence). Thus, he cannot prevail on this ground.

In his fifth ground, Movant alleges that counsel was ineffective in failing to present mitigating evidence in relation to the assaults identified in the PSR. Civ. Doc. 2 at 23–24. He does not cite any record evidence to show that the assaults played a role in his sentence, much less show that mitigating evidence about the assaults would have changed his sentence. Nor does he explain why he failed to raise the issue in his extensive allocution if it was of such importance.

In his sixth ground, Movant alleges that counsel was ineffective in failing to coordinate the pleas in this case and his tax fraud case. Civ. Doc. 2 at 25. Movant himself admits that the tax fraud case was unrelated. *Id.* He does not cite any authority to support the contention that counsel in this case was obligated to coordinate with counsel in the other case. As the government notes, the argument arises out of a filing by one of Movant's attorneys in the tax fraud case, which the Court wholly rejected. Civ. Doc. 6 at 19–20. Specifically, the Court determined that the allegations of tax fraud counsel were "baseless." *United States v. Jalloul*, No. 3:19-CR-094-B, Crim. Doc. 67. As with Movant's other grounds, there is no evidence to show any prejudice to Movant.

8

In his final ground, Movant contends that counsel's failure to take any action on his behalf "during critical stages of the proceedings amounted to the constructive denial of counsel." Civ. Doc. 2 at 26. He offers nothing in support but conclusory allegations, which are insufficient to support this ground. *Miller*, 200 F.3d at 282. Constructive denial of counsel as discussed in *Cronic v. United States*, 466 U.S. 648 (1984), occurs "only in a very narrow spectrum of cases where the circumstances leading to counsel's ineffectiveness are so egregious that the defendant was in effect denied any meaningful assistance at all." *Gochicoa v. Johnson*, 238 F.3d 278, 284 (5th Cir. 2000) (citations omitted). This is not one of those cases. As stated, because of counsel's work, Movant was the beneficiary of a plea agreement that reduced his exposure to imprisonment from thirty years to ten years. As the Court noted at sentencing, Movant's own acts wiped out all the good that counsel could have done. Crim. Doc. 84 at 40. The sentences in the two cases were ordered to be served consecutively because the offenses were unrelated. *Id.* at 42.

## V.     CONCLUSION

Accordingly, Jalloul's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DENIED**.

SO ORDERED this 22nd day of July, 2024.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

9